IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL W. GRESHAM,

        Plaintiff,                      No. CIV S-08-0190 MCE DAD P

    vs.

BRETT WILLIAMS, et al.,

        Defendants.             <u>ORDER</u>

                             /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2  plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421
3  (1969).
4          The Civil Rights Act under which this action was filed provides as follows:
5          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the
6          deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
7          law, suit in equity, or other proper proceeding for redress.
8  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
15         Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of respondeat superior and, therefore, when a named
17 defendant holds a supervisorial position, the causal link between him and the claimed
18 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
19 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
20 allegations concerning the involvement of official personnel in civil rights violations are not
21 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
22         In the present case, plaintiff has named as defendants Health Care Manager Brett
23 Williams; Dr. Christopher C. Smith; Dr. Wesley Hashimoto; Dr. P. Galloway; Dr. Don Hawkins;
24 Physician Assistant Karen Todd; Registered Nurse Sandra; Registered Nurse S. Odiase;
25 Registered Nurse Kelly Martinez; Registered Nurse Cricket; Registered Nurse Kimball; and
26 Supervising Registered Nurse Karen Clark.

Plaintiff claims that defendants have been deliberately indifferent to his medical care. In this regard, plaintiff alleges as follows. On or about October 1, 2006, plaintiff injured his right knee while working in the "B" yard kitchen at Mule Creek State Prison. Officer Bertolozzi escorted him to the medical clinic. M.T.A. Walker filled out a medical report/occurrence form, documented his vital statistics and completed an "inmate pass" for his return to the "B" clinic. However, plaintiff did not receive any treatment of his injury at that time. On October 2, 2006, plaintiff saw defendant Nurse Cricket who merely looked at his knee, said that it looked swollen and told him that he would be referred to see a doctor. Again, plaintiff's injury was not treated.[1]

Plaintiff had no choice but to return to his job assignment. In the following months, he dislocated his right knee causing increased swelling and pain. Plaintiff's work supervisor was aware of the injury and provided him with a workman's compensation form. By October 29, 2006, plaintiff still had not seen a doctor about his knee and, because he was in severe pain, submitted an administrative appeal. Nine days later defendant Physician's Assistant Todd saw him and told him she would refer plaintiff to an outside orthopedic specialist for consultation because she diagnosed him as suffering from a torn meniscus. However, again plaintiff received no treatment for his symptoms.[2]

On January 4, 2007, plaintiff asked defendant Supervising Nurse Clark about his knee injury and she stated she was having difficulty scheduling an outside appointment for plaintiff because the prison had a new contract with a new hospital. On January 25, 2007, plaintiff saw defendant Dr. Hawkins who refused to examine his knee injury but informed plaintiff he had a consultation appointment, but there was something wrong with his paperwork.

---

[1] Plaintiff claims that defendant Dr. Galloway "ratified" this inadequate medical treatment plaintiff received on October 2, 2006.

[2] Plaintiff claims that defendants Dr. Smith and Dr. Hashimoto "ratified" this inadequate medical treatment.

4

On or about February 19, 2007, in answering plaintiff's administrative appeal, defendant Health Care Manager Williams ratified all of the medical treatment plaintiff had received and been denied up to that date, stating that an outside consultations require a minimum of eight to twelve weeks to arrange due to scheduling and transportation requirements. From October 1, 2006 through May 4, 2007, no doctor examined plaintiff's knee. On April 2, 2007, plaintiff submitted a request to see a doctor and to receive physical therapy. Defendant Nurse Odiase refused his request for physical therapy, telling plaintiff he should wait until an outside specialist referred him for therapy, and prescribed him aspirin and a sleeve for his knee. On May 3, 2007, plaintiff saw defendant Nurse Kimball who told him that he had an appointment with a doctor the next day and should save his questions. On May 4, 2007, plaintiff did see a Dr. Henry who examined plaintiff's injury, ordered an M.R.I. scan of plaintiff's knee, prescribed anti-inflammatory medication and recommended physical therapy. On June 15, 2007, plaintiff again met with defendant Dr. Hawkins who went over the M.R.I. results with plaintiff and apologized for the inconsistencies with his medical care.

On August 13, 2007, plaintiff finally received an outside orthopedic consultation. On November 26, 2007, he underwent reconstructive surgery and is now in the process of physical recovery and rehabilitation.[3]

Based on these allegations, plaintiff concludes that the named defendants have been deliberately indifferent to his medical needs. As a result of the lack of proper medical care and prolonged delays, plaintiff contends that he suffered frequent dislocations of his knee resulting in additional harm. Plaintiff alleges that, at the time he finally received surgery, he was unable to engage in normal daily activities such as showering without falling. Plaintiff requests

---

[3] Plaintiff alleges that defendant Dr. Hashimoto "signed off" on his medical treatment, including his prescriptions, knee brace and other limited treatment through May 4, 2007. Plaintiff claims that defendant Dr. Hashimoto ratified all medical decisions and was aware of the lack of treatment he was experiencing but did nothing to help him. In fact, plaintiff alleges that he was never seen by Dr. Hashimoto until December 7, 2007, after his surgery.

declaratory relief and damages as well as any other relief the court deems necessary or appropriate.

Liberally construed, the court finds that plaintiff's complaint appears to state a cognizable claim for relief under the Eighth Amendment against defendants Clark, Cricket, Hashimoto, Hawkins, Kimball, Martinez, Odiase, Todd, and Williams.  If the allegations of the complaint are proven against the defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action.

The court also finds that plaintiff's complaint does not state a cognizable claim for relief against defendants Galloway, Sandra, and Smith.  Although plaintiff has broadly alleged that these three named defendants were deliberately indifferent to his medical needs, he has failed to allege with any degree of particularity any overt acts which these defendants engaged in that would support his claims against them.  As such, plaintiff's allegations fail to state a cognizable claim for inadequate medical care against these defendants.

Also before the court is plaintiff's request to stay these proceedings.  In this regard, plaintiff requests "a stay of proceedings for and until adjudication of collateral review of habeas corpus petition # C056730 in the Third Appellate District Court[.]"  It appears that plaintiff may have intended to file this request in the habeas corpus action he has pending before this court (Case No. CIV S-07-2192 GEB GGH P).  If this is the case, and if plaintiff desires the relief asked for in his request for stay, he should re-file his request in Case No. CIV S-07-2192 GEB GGH P.  Otherwise, plaintiff is advised that, unlike in federal habeas corpus proceedings, he need not exhaust state court, as opposed to administrative, remedies prior to bringing a civil rights action in federal court.  The court notes that it does expect plaintiff to diligently prosecute this case.  If he does not desire to do so, he should file a request to dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a).

/////

/////

6

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for the following defendants: Clark, Cricket, Hashimoto, Hawkins, Kimball, Martinez, Odiase, Todd, and Williams.

4. The Clerk of the Court shall send plaintiff nine USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed January 28, 2008.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Ten copies of the complaint filed January 28, 2008.

6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. Plaintiff's January 30, 2008 request to stay the proceedings is denied.

DATED: March 7, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gres0190.1a

```
 1
 2
 3
 4
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10  MICHAEL W. GRESHAM,
11        Plaintiff,              No. CIV S-08-0190 MCE DAD P
12     vs.
13  BRETT WILLIAMS, et al.,       NOTICE OF SUBMISSION
14        Defendants.             OF DOCUMENTS
15  _____/
```

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

_____ <u>one</u> completed summons form;

_____ <u>nine</u> completed USM-285 forms; and

_____ <u>ten</u> true and exact copies of the complaint filed January 28, 2008.

DATED: _____.


                                          _____
                                          Plaintiff