IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL W. GRESHAM, | ) | Civ. No. 2:08-0190 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO ADD DEFENDANT |
| vs. | ) | CHRISTOPHER SMITH, M.D. |
| | ) | |
| BRETT WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO ADD DEFENDANT
CHRISTOPHER SMITH, M.D.

Before the Court is Plaintiff Michael W. Gresham's Motion to Add

Defendant Christopher Smith, M.D.  After careful consideration of the motion, the

supporting and opposing memoranda, and the attached documentation, Plaintiff's

motion is DENIED.

On January 28, 2008, Plaintiff filed a Complaint in the U.S. District

Court for the Eastern District of California (the "court") seeking relief pursuant to

42 U.S.C. § 1983 ("Section 1983").  (Doc. 1.)  In his Complaint, Plaintiff alleges

that Defendants were deliberately indifferent to his medical needs and as a result,

he suffered frequent dislocations of his knee.  (Id. at 14.)  Plaintiff claims that by

the time he finally received surgery, he was unable to engage in normal daily

activities.  (Id. at 14.)

On March 7, 2008, the court issued an order holding that Plaintiff's Complaint stated a cognizable claim for relief under the Eighth Amendment against most named Defendants.  (Doc. 5 at 6.)  The court held, however, that as to three named Defendants, including Smith, Plaintiff's Complaint failed to state a cognizable claim for relief.  (Id.)  According to the court, Plaintiff's Complaint "failed to allege with any degree of particularity any overt acts" by said Defendants that would support Plaintiff's claims against them.  (Id.)  By Order dated November 24, 2008, the action was reassigned from the Eastern District of California to the District of Hawaii.  (Doc. 23.)

On October 1, 2009, Plaintiff filed the instant motion requesting that Smith be reinstated as a Defendant in the lawsuit.  (Mot. at 1.)  The Court construes Plaintiff's motion as a motion for reconsideration of the March 7, 2008 order.  Reconsideration is generally appropriate "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); see also U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citations omitted).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."

Navajo Nation, 331 F.3d at 1046.

In this case, Plaintiff's motion does not satisfy any of the criteria specified above.  Plaintiff does not allege that new evidence has come to light, there has been an intervening change in the law, or reconsideration is necessary to prevent manifest injustice.  Rather, Plaintiff contends that Smith should be reinstated as a Defendant in the case because he stamped his name on Plaintiff's medical records; ratified among other things, the physicians' orders, examinations, and treatments; and was Plaintiff's initial physician.  (Mot. at 2 & n.1.)  Plaintiff may not use a motion for reconsideration simply to reargue his case.  See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); American Ironworkers & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 899 (9th Cir. 2001).  Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, December 15, 2009.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Michael W. Gresham v. Brett Williams, et al.; Civ. No. 2:08-00190 JMS-BMK; ORDER DENYING PLAINTIFF'S MOTION TO ADD DEFENDANT CHRISTOPHER SMITH, M.D.

3