IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. GRESHAM, | ) Civ. No. 2:08-00190 JMS-BMK |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION THAT |
| vs. | ) PLAINTIFF'S MOTION FOR |
| | ) DIRECTED VERDICT BE DENIED |
| BRETT WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR
DIRECTED VERDICT BE DENIED

Before the Court is Plaintiff Michael W. Gresham's Motion for Directed Verdict. Plaintiff requests that the court enter judgment in his favor because "there is no legal sufficient evidentiary foundation on which a reasonable jury could find for the defendants." (Motion at 3.) In response, Defendants argue this motion is premature, as Plaintiff has not cited any statutory or other authority that authorizes filing a motion for directed verdict prior to trial. (Opp. at 2.) After careful consideration of the motion and the opposing memorandum, the Court finds and recommends that Plaintiff's motion be DENIED.[1]

A motion for a directed verdict is governed by Federal Rules of Civil Procedure 50, which "sets forth the procedural requirements for challenging the

---

[1] Pursuant to Local Rule 230(g), the Court elects to decide this motion without a hearing.

sufficiency of the evidence in a civil jury trial." <u>Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.</u>, 546 U.S. 394, 399 (2006); Fed. R. Civ. P. 50, Advisory Comm. Notes to 1991 Amends., Subdivision (a) ("If a motion is denominated a motion for directed verdict or for judgment notwithstanding the verdict, the party's error is merely formal.  Such a motion should be treated as a motion for judgment as a matter of law in accordance with this rule.").  Rule 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A)  resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).  Thus, "Rule 50(a) presumes that a jury trial has begun and that the nonmoving party 'has been fully heard' on the issue prior to the court's ruling." <u>McSherry v. City of Long Beach</u>, 423 F.3d 1015, 1019 (9th Cir. 2005).

    Plaintiff filed the instant motion for a directed verdict prior to the commencement of trial, which is currently set for May 25, 2010.  (Doc. 26.) Although Rule 50(a)(2) provides that "a motion for judgment as a matter of law may be made at any time before submission of the case to the jury," the Ninth

Circuit explained that this provision must be read in conjunction with Rule 50(a)(1):

> Nothing about the language or structure of the provisions suggests that Rule 50(a)(2) has a force independent of Rule 50(a)(1). Reading the two provisions together, it is apparent that Rule 50(a)(1) sets forth the standards under which a court may grant judgment as a matter of law, while Rule 50(a)(2) explains when a party may make a motion. The latter section thus supplements the former by instructing the moving party that it may file a motion until the case is submitted to the jury, but does not eliminate the substantive requirement that a party be "fully heard" on an issue prior to the grant of judgment as a matter of law.

McSherry, 423 F.3d at 1019. Therefore, in this case, Defendants must be "fully heard" on the issues before this Court may enter judgment in Plaintiff's favor. However, the trial has not yet commenced and no evidence by either party has been presented. Indeed, Defendants have not been "fully heard" on the issues in this case. As such, entering judgment in Plaintiff's favor at this point would be premature under Rule 50. McSherry, 423 F.3d at 1019. Accordingly, the Court finds and recommends that Plaintiff's motion be DENIED.

This Findings and Recommendation is submitted to District Judge J. Michael Seabright, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Any objection to this Findings and Recommendation is due seventeen days after being served with a copy of it. If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendations." A

copy of the objection shall be served on all parties.

        IT IS SO FOUND AND RECOMMENDED.

        Dated: Honolulu, Hawaii, January 30, 2010.



        /S/ Barry M. Kurren
        Barry M. Kurren
        United States Magistrate Judge

Gresham v. Williams; Civ. No. 2:08-00190 JMS-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DIRECTED VERDICT BE DENIED.